# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs April 12, 2016

## STATE OF TENNESSEE v. CHARLES EDWARD PHILLIPS, III

**Appeal from the Circuit Court for Benton County**
**No. 14-CR-87     C. Creed McGinley, Judge**

---

**No. W2015-01731-CCA-R3-CD - Filed May 10, 2016**

---

The defendant, Charles Edward Phillips, III, was convicted by a Benton County Circuit Court jury of aggravated kidnapping, a Class B felony; aggravated assault, a Class C felony; interference with emergency communications, a Class A misdemeanor; and driving while license suspended, revoked, or cancelled, a Class B misdemeanor. The trial court reduced the aggravated assault conviction to simple assault, a Class A misdemeanor, and sentenced the defendant as a Range I offender to an effective term of twelve years at 100% in the Department of Correction. The sole issue the defendant raises on appeal is whether the trial court imposed an excessive sentence. Following our review, we affirm the sentencing imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Guy T. Wilkinson, District Public Defender; and Gary J. Swayne, Assistant Public Defender, Tennessee, for the appellant, Charles Edward Phillips, III.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Matthew F. Stowe, District Attorney General; and Adam Jowers, Scott Rich, and Bruce I. Griffey, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

## FACTS

According to the State's proof at trial, on August 11, 2014, the defendant began beating his wife, Briana Phillips, with his fists while accusing her of adultery and of causing the January 2014 stillborn death of their child by the practice of voodoo. The defendant took the victim's cell phone, money, and car keys and, over the course of the next few days, kept her confined to their home while he periodically beat her with his fists, a belt, and a three-foot board while threatening to kill her. When the defendant ran out of cigarettes on August 14, 2014, the victim persuaded him to return her car keys and phone and to allow her to follow him in her own vehicle to get gasoline while he drove to a Marathon service station to purchase more cigarettes. En route, the victim called a close friend, divulged what had been happening, and asked her to call the police.

While the Camden police officer who responded to the "rolling domestic" call was talking to the defendant at the service station, the victim, without making contact with the officer, drove directly to the Camden Police Department, where she reported the defendant's abuse. The police officer was dispatched back to locate the defendant, spotted him driving his vehicle toward the courthouse, pulled in behind him, and activated his lights and siren. The defendant, however, kept driving. When the defendant finally pulled to a stop three to five minutes later, he kept his window rolled up and his foot intermittently on and off the brake, allowing the vehicle to inch forward as he talked on a cell phone and ignored the officer. After the officer threatened to break the defendant's window, the defendant, still on his cell phone, cracked open his driver's door. At that point, the officer pulled the door completely open and reached in to put the vehicle in park. Afterwards, he and officers from the Benton County Sheriff's Department placed the uncooperative defendant under arrest.

A Benton County Grand Jury subsequently indicted the defendant for theft of property valued at more than $500 but less than $1000, vandalism, aggravated kidnapping, aggravated assault, interference with emergency communications, and driving on a suspended or revoked license. The vandalism and theft counts were severed and later nolle prosequied, and the defendant proceeded to trial on the remaining counts of the indictment on March 10, 2015.

Four witnesses testified at the defendant's trial: the victim; the victim's friend, Rebecca Farrar, who called the police on the victim's behalf; Camden Police Officer Jonathan Bailey, who described the defendant's behavior during his arrest as "passively aggressive"; and Benton County Sheriff's Department Deputy Andrew Clem, who

2

participated in the defendant's arrest and identified photographs of the victim's multiple bruises and red marks.

Following deliberations, the jury convicted the defendant of the indicted offenses. At the sentencing hearing, the trial court reduced the aggravated assault conviction to misdemeanor assault on the basis that there was insufficient evidence of the victim's serious bodily injury. The trial court found four enhancement factors applicable: the defendant's criminal convictions or criminal behavior in addition to those necessary to establish his range, which the court based on the defendant's previous felony and "host of misdemeanors"; the fact that the defendant treated the victim with exceptional cruelty during the commission of the offenses, which the court based on "the length of time" that the victim was held and the "various ways that she was treated" during that time; the defendant's failure to complete a previous sentence involving release into the community; and the fact that the defendant committed the offenses while on probation, which the court based on the fact that the defendant was on probation from a domestic assault conviction in Carroll County involving the same victim at the time he committed the instant offenses. See Tenn. Code Ann. § 40-35-114(1), (5), (9), (13)(C) (2014). The trial court found no applicable mitigating factors. Accordingly, the court sentenced the defendant to concurrent terms of twelve years, the maximum in the range, for his Class B felony of aggravated kidnapping; eleven months, twenty-nine days for each of the Class A misdemeanor convictions; and six months for the Class B misdemeanor conviction, for an effective sentence of twelve years at 100% in the Department of Correction.

## ANALYSIS

The sole issue the defendant raises on appeal is whether the trial court imposed an excessive sentence by sentencing him to the maximum in the range for his Class B felony. He argues that, given his current age of twenty-two, "[a] much-reduced sentence would allow for his eventual release at an age in which he would no longer be a threat to society." He also cites the fact that he "conducted himself in court in an orderly, dignified manner, with no outburst even upon receiving the 12-year sentence." The State responds that the trial court imposed an appropriate sentence within the applicable range in accordance with the sentencing principles. We agree with the State.

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any enhancement and mitigating factors, have been properly addressed." State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012). We review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of

reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707.

The record reflects that the trial court properly considered the relevant purposes and principles of the Sentencing Act and imposed a sentence within the applicable range for the defendant's Class B felony of aggravated kidnapping. Accordingly, we find no abuse of discretion in the sentencing imposed by the trial court.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the sentences imposed by the trial court.

_____
ALAN E. GLENN, JUDGE